Filed 10/28/15  In re Z.M. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re Z.M., a Person Coming Under the Juvenile Court Law. | |
| | D068187 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. J518307, J518307B) |
| v. | |
| ALFREDO M., | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of San Diego County, Edlene C. McKenzie, Commissioner.  Affirmed.

Katherine A. Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Phillips, Chief Deputy County Counsel, and Daniela Davidian, Deputy County Counsel for Plaintiff and Respondent.

Alfredo M. (Father) appeals an order terminating parental rights over his biological daughter, Z.M. (Child). Father contends, and San Diego County Health and Human Services Agency (the Agency) concedes, that during the course of proceedings, the Agency and juvenile court did not fully comply with California Rules of Court[1] concerning duties to inquire into Father's Indian status. (Rule 5.481(a); Welf. & Inst. Code,[2] § 224.3, subd. (a).) The inquiries are relevant to determining whether notice of the proceedings must be given to an Indian child's tribe under the Indian Child Welfare Act (ICWA). The sole issue on appeal is whether the lack of adequate inquiry constituted harmless error. We conclude any error was harmless and affirm. Because substantial evidence supports that Child is not an Indian child, any lack of inquiry was not prejudicial.

FACTUAL AND PROCEDURAL BACKGROUND

Father and Child's mother (Mother) have an extensive history of substance abuse as well as domestic violence. In a dependency case filed in San Diego Superior Court concerning Child's older sibling, D.M. (Sibling), Father and Mother's parental rights were terminated in August 2013 (Sibling's Case). In Sibling's Case, both Father and Mother had completed forms entitled *Parentage Inquiry* and *Parental Notification of Indian Status,* in which each declared under penalty of perjury that he or she had no known

---

[1] All further rule references are to the California Rules of Court unless otherwise indicated.

[2] All further statutory references are to the Welfare and Institutions Code unless otherwise stated.

Indian ancestry or American Indian heritage. These documents are part of the augmented appellate record in this case.

In October 2013, infant Child was detained. Mother had used drugs while pregnant with Child. The Agency's detention report reflects that Mother was asked if she had any Indian heritage, and she denied it for herself and Father. The detention report further references Sibling's Case and a court's finding that the ICWA did not apply in that case. Mother also filed *Parentage Inquiry* and *Parental Notification of Indian Status* forms, in which she denied Indian ancestry for herself and Father. At the detention hearing, the court deferred making ICWA findings.

In December 2013, the court took dependency jurisdiction, made true findings on section 300, subdivision (b) allegations, and then terminated its jurisdiction pursuant to the parties' settlement agreement.

In April 2014, the Agency filed a second petition, alleging that Mother had relapsed again, failed to routinely participate in a substance abuse treatment plan, and was homeless at the time. On an *Indian Child Inquiry* form, which reflected that Mother (but not Father) had been questioned, a social worker had marked the box: "The child may have Indian ancestry." The same social worker's detention report indicated Mother had been questioned, and Mother stated that neither she nor Father had any Indian heritage. At the detention hearing on the second petition, the court "confirm[ed]" its prior finding that the ICWA did not apply. At the disposition hearing, the court found that notice under the ICWA was not required because it "knows the child is not an Indian

3

child." These findings were repeated throughout several proceedings, including at the contested section 366.26 hearing in 2015 when parental rights were terminated.

A paternity test verified that Father was Child's biological father. Father was incarcerated during Child's dependency case, and there is no indication that the Agency or court attempted to make, or made, direct inquiries of him regarding potential Indian ancestry. The Agency had, however, presented the court with documents from Sibling's Case file showing that Sibling, who shared the same biological parents, had been found "not an Indian child."

## DISCUSSION

Father argues the juvenile court erred by finding that the ICWA did not apply. His argument is based on the conceded point that neither the Agency nor court strictly complied with rule 5.481(a), regarding their affirmative and continuing duty to inquire whether Child is or may be an Indian child. The Agency contends that any error was harmless. We agree with the Agency.

If a court fails to ask a parent about his or her Indian heritage, reversal of an order is not warranted "when the court's noncompliance with the inquiry requirement constitutes harmless error." (*In re A.B.* (2008) 164 Cal.App.4th 832, 839.) The circumstances in this case are remarkably similar to those in *In re A.B.* There, the augmented record showed that the dependent child's biological parent had denied any Indian heritage in a different case concerning the child's sibling. (*Id.* at p. 843.) While not minimizing the importance of making statutory and rule-based inquiries, the court held that the lack of inquiry in A.B.'s case was not prejudicial. (*Ibid.*)

4

Here, the record does not show that Father was informed of the requirement, or ordered, to complete a *Parental Notification of Indian Status* form (ICWA-020). (Rule 5.481(a)(2) & (a)(3).) Apparently no direct inquiries were made of him regarding his potential Indian heritage. Nevertheless, like in *In re A.B.*, reversal and remand for a proper inquiry is not warranted. Substantial evidence supports the court's finding that Child was not an Indian child.

"[T]o be an Indian child, a child must be either (1) a member of an Indian tribe, or (2) *both* eligible for membership in an Indian tribe *and* the biological child of a member of an Indian tribe. (25 U.S.C.1903(4).)" (*In re S.B.* (2005) 130 Cal.App.4th 1148, 1162; original italics.)

On Father's motion to augment, judicially noticeable documents from Sibling's Case became part of the record on appeal. These documents show that Father—Child's biological parent—denied having any Indian ancestry. Mother repeatedly attested that she has no Indian ancestry. There is no evidence at all that either parent was a member of an Indian tribe. Although a social worker indicated that Child "may have Indian ancestry," this was due to the social worker's inability to contact Father, who was in prison and unavailable. As we know, Father had already declared in Sibling's Case that he had no American Indian heritage. The court was also aware that Sibling, born from the same biological parents, was found not to be an Indian child.

Accordingly, even if there was a lack of adequate inquiry as to Father's potential Indian heritage, the error was not prejudicial.

DISPOSITION

The judgment is affirmed.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

HALLER, J.